# EXHIBIT 3

# EXHIBIT A

FILED
9/30/2024 3:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cheryl Watts DEPUTY

Case 1:24-cv-00184-C    Document 1-3    Filed 10/31/24    Page 3 of 23    PageID 15



1 CIT/ ESERVE
JURY DEMAND

CAUSE NUMBER _DC-24-17785_

| | | |
|---|---|---|
| PHILLIP DALE MCDONALD, Individually and as Successor-in-Interest to MARY PATRICIA MCDONALD, Deceased, | § § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | 160th |
| v. | § § § | ____ JUDICIAL DISTRICT COURT |
| UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC, and JOHN DOE 1-100, | § § § § | |
| *Defendants.* | § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Phillip Dale McDonald, appearing individually and as successor-in-interest to Mary Patricia McDonald, Deceased, brings this lawsuit against Defendant Unilever North America Supply Chain Company, LLC for the fatal benzene-caused cancer that Decedent, Mary Patricia McDonald, developed as a result of being exposed to Defendant's benzene products.

## I.
### DISCOVERY CONTROL PLAN

1.  Pursuant to TEX. R. CIV. P. 190.1, 190.3, Plaintiff Phillip Dale McDonald, appearing individually and as successor-in-interest to Mary Patricia McDonald, Deceased, intends to conduct discovery under a Level 3 Discovery Control Plan.

## II.
### PARTIES

2.  Plaintiff Phillip Dale McDonald (hereinafter, "Plaintiff"), appearing individually and as successor-in-interest to Mary Patricia McDonald, Deceased (hereinafter, "Decedent") is a natural person who resides in Dallas County, Texas. The last three digits of Plaintiff's Texas identification card and Social Security Number are 942 and 807, respectively.

3.      Defendant UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC (hereinafter, "Defendant") is a foreign corporation that conducts business in Texas and purposefully avails itself to the laws of the State of Texas. Defendant has a registered agent for service of process in Texas and may be served by serving the same: C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.      Upon information and belief, Plaintiff alleges that the true identities and residences of Defendants JOHN DOE 1-100, respectively, are currently unknown to Plaintiff. Plaintiff shall proceed with due diligence to discover the identities of Defendants JOHN DOE 1-100, respectively, and after said Defendants' true identities have been discovered, Plaintiff will amend this Petition accordingly.

5.      Upon information and belief, Plaintiff alleges that at all material times, Defendant and JOHN DOE 1-100 (collectively referred to herein as "Defendants") all Defendants were the agents, servants, and employees, partners and/or joint venturers of every other Defendant and the acts of each Defendant were within the course and scope of their agency and/or employment and/or joint venture.

### III.
### JURISDICTION

6.      This Court has subject-matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional requirements.

7.      This Court has personal jurisdiction over Defendants because said Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief in excess of $1,000,000.00.

**IV.**
**V**ENUE

8.       Pursuant to T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> § 15.002(a), venue is proper in Dallas County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas.

9.       Pursuant to T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> § 15.005, because venue is proper in Dallas County, Texas against at least one Defendant, venue is proper in Dallas County, Texas as to all Defendants.

**V.**
**F**ACTUAL **B**ACKGROUND

10.      Defendants are one of the world's largest consumer goods conglomerates. Defendants design, manufacture, market, and sell various products to consumers that relate to personal care, home care, nutrition, ice cream, and beauty and wellness products for consumers. As it relates to this lawsuit, specifically, Defendants designed, manufactured, marketed, and otherwise sold a dry shampoo product under the "Dove" brand name and had for decades.

11.      Plaintiff is a 82 year old man and the surviving spouse of Decedent. Plaintiff and Decedent first began dating in 1993 and were married in 1996. Plaintiff and Decedent were married at all times relevant to this action and had been husband and wife.

12.      Plaintiff alleges that, beginning in and around the year 2010, Decedent would regularly, frequently, and proximately use a specific product manufactured by Defendants. This product was Defendants' Dove dry shampoo product. Plaintiff alleges that Decedent used Defendants' product nearly on a daily basis, every day, for over 10 years prior to Decedent's eventual injuries and death as alleged herein. Plaintiff alleges that Decedent would, in the normal course of using Defendants' product and using it in a manner Defendants intended said product to

be used, regularly, frequently, and proximately spray the dry shampoo product in and around her head such that the product, and the related fumes thereof, would touch Decedent's skin and body as well as necessarily enter her breathing zone.

13.    Plaintiff alleges that—at all material times and completely unbeknownst to Decedent, Plaintiff, or the general public—Defendants' Dove dry shampoo product contained the cancer-causing substance, benzene.

14.    Benzene is a colorless, flammable liquid with a sweet odor, known to pose several health risks. Benzene is classified as a human carcinogen, linked to an increased risk of leukemia and other blood disorders in humans. Benzene has been known to cause bone marrow suppression, leading to conditions like aplastic anemia, as well as cognitive impairment and reproductive harm. The medical and scientific community has recognized the dangers of benzene since at least the early 20th century, with significant research emerging in the 1920s linking it to blood cancers. In the United States, the Environmental Protection Agency (EPA) has established limits for benzene emissions and exposure in various contexts, including air quality and workplace safety. Benzene is not allowed in cosmetic products in the United States. The Food and Drug Administration (FDA) does not permit the use of benzene as an ingredient in cosmetics due to its potential health risks to humans when and if it comes into contact with a person's skin or breathed into the body.

15.    Plaintiff alleges that, at all material times, Defendants knew of the risks to human health that benzene posed and, further, that Defendants knew that benzene was a chemical in its dry shampoo products. Plaintiff further alleges that benzene was in Defendants' dry shampoo products that Decedent used at all points in time.

16.    In and around approximately 2019, Decedent was diagnosed with the benzene-caused cancer acute myeloid leukemia. Decedent died on June 30, 2020 from said cancer.

17.     Prior to Decedent's injuries and eventual death as alleged herein, Decedent was able and did perform duties as a spouse.  Subsequent to her injuries alleged herein and as a proximate result thereof, Decedent was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and due to her death, Decedent will be unable to perform such work, service and duties in the future.  As a proximate result thereof, Plaintiff has been permanently deprived and will be deprived of the consortium of Decedent, including the performance of said duties, love, compassion, and care.

18.     On October 18, 2022, Defendants issued a public and national recall of multiple benzene-containing products that it manufactured across multiple different brand names that Defendants own, including the Dove dry shampoo that Decedent used throughout her lifetime. Prior to said date, neither Decedent, Plaintiff, nor the general public knew or reasonably could have known of the dangers involved in using Defendants' products.

## VI.
### CAUSES OF ACTION

### COUNT 1: NEGLIGENCE

19.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 10 through 18 of Plaintiff's Original Petition.

20.      At all times herein mentioned, Defendants were the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for

installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising as certain product, namely benzene, and other products containing benzene.

21.    Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe.  At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is benzene, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Decedent.

22.    Decedent was a consumer who, for a substantial length of time, used, handled, and been otherwise exposed to Defendants' benzene products in a manner that was reasonably foreseeable to Defendants.

23.    As a direct and proximate result of the above-referenced conduct of Defendants, said exposure to benzene caused severe and permanent injury to Decedent's lungs and body, including, but not limited to cancer acute myeloid leukemia.

24.    On or about June 30, 2020, Decedent died as a result of her exposure to Defendants' benzene products and the development of acute myeloid leukemia.

25.    As a direct and proximate result of the aforesaid conduct of Defendants, Decedent suffered severe and permanent injuries leading to her eventual death. Plaintiff alleges that Defendants owed Plaintiff and Decedent multiple legal duties that Defendants breached that

ultimately led to the damages incurred by Plaintiff as alleged herein.

### COUNT 2: STRICT LIABILITY (DESIGN, MANUFACTURING, AND MARKETING DEFECTS)

26.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 10 through 18 of Plaintiff's Original Petition.

27.     At all times mentioned herein, Defendants researched, manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain substance, the generic name of which is benzene, and other products containing said substance which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to the users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering same unsafe and dangerous for use by the consumers, users, and bystanders.

28.     As a direct and proximate result of the above described conduct by Defendants, Decedent suffered severe and permanent injuries to her person, as alleged hereinabove.

29.     At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in this substance and products outweighs the benefits of said substance and products.

30.     At all times mentioned herein, the foreseeable use of the benzene and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, and Defendants failed to adequately warn of the substantial danger to Decedent, Plaintiff, or the general public.

31.     Defendants designed, manufactured, and inadequately marketed (without adequate warnings of the dangers) its dry shampoo products with multiple defects.   Said design, manufacture, and marketing defects caused the injuries and damages incurred by Plaintiff and Decedent.

COUNT 3: EXEMPLARY DAMAGES

32.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 10 through 18 of Plaintiff's Original Petition.

33.     Defendants' tortious conduct was malicious, fraudulent, and/or grossly negligent.

34.     Defendants' malicious, fraudulent, and/or grossly negligent was carried out by Defendants personally, through Defendants' authorized agents, managers, officers, directors, vice-principals, and/or principals of the Defendants who were acting within the course and scope of their agency, employment, partnership, and/or joint venture.  Alternatively, Defendants' malicious, fraudulent, and/or grossly negligent conduct was subsequently approved by or ratified by Defendants.

35.     Defendants intentionally breached the legal duties it owed Plaintiff and/or Decedent such that it could take undue advantage of Plaintiff and/or Decedent, or otherwise maliciously treat Plaintiff and/or Decedent. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff, Decedent, and others.

36.     Additionally, Defendants had actual, subjective awareness of the risk to Plaintiff, Decedent, and others but proceeded anyway with a conscience indifference to the rights, safety, or welfare of Plaintiff, Decedent and others.

37.     Defendants' conduct was performed and/or designed with a specific intent to cause

substantial injury or harm to Plaintiff and/or Decedent. As alleged herein, Defendants' conduct is an example of why punitive damages exist, and Plaintiff alleges that Defendants' conduct rises to the level warranting the imposition of exemplary damages against Defendants at trial.

## VII.
### DAMAGES

38.    Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 59 of Plaintiff's Petition.

39.    Plaintiff has incurred significant damages due to Defendants' tortious and outrageous conduct. Plaintiff seeks all losses sustained as a natural, probable, foreseeable, and/or proximate result of Defendants' wrongful conduct, including:

    a.    General damages;

    b.    Actual damages;

    c.    Survival damages;

    d.    Decedent's physical pain and suffering incurred in the past and future;

    e.    Decedent's and Plaintiff's mental anguish incurred in the past and future;

    f.    Decedent's disfigurement incurred in the past and future;

    g.    Decedent's physical impairment incurred in the past and future;

    h.    Medical expenses incurred in the past and future;

    i.    Decedent's loss of consortium sustained in the past;

    j.    Plaintiff's loss of consortium sustained in the past and future;

    k.    All reasonable and necessary attorneys' fees that Plaintiff is forced to incur pursuant to Texas common law and equity;

    l.    Exemplary damages;

    m.    Costs of court;

n.   Pre-judgment interest;

o.   Post-judgment interest; and

p.   All other relief, in law and in equity, to which Plaintiff may be justly entitled.

## VIII.

### DEMAND FOR JURY

40.   Plaintiff demands a jury trial and tenders the appropriate fee.

## IX.

### PRAYER

41.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein. Plaintiff further prays that, upon trial by jury, she have judgment against Defendants for the damages alleged herein, as well as all other relief, in law and in equity, to which Plaintiff may prove herself to be justly entitled.

Respectfully Submitted,
**ROCHELLE MCCULLOUGH, LLP**

By: */s/ Eric Policastro*
**ERIC POLICASTRO**
State Bar No. 24068809
eric@romclaw.com
901 Main Street, Suite 3200
Dallas, Texas 75202
(214) 953-0182 Telephone
(888) 467-5979 Facsimile

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalie Decorte on behalf of Eric Policastro
Bar No. 24068809
rdecorte@romclaw.com
Envelope ID: 92610645
Filing Code Description: Original Petition
Filing Description:
Status as of 10/6/2024 9:20 AM CST

Associated Case Party: PHILLIPDALEMCDONALD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rosalie DeCorte | | rdecorte@romclaw.com | 9/30/2024 3:07:02 PM | SENT |
| Jillian Doughty | | jdoughty@romclaw.com | 9/30/2024 3:07:02 PM | SENT |
| William Cernosek | | wcernosek@romclaw.com | 9/30/2024 3:07:02 PM | SENT |
| Gregory Bevel | | greg.bevel@romclaw.com | 9/30/2024 3:07:02 PM | SENT |
| Eric Policastro | | eric@romclaw.com | 9/30/2024 3:07:02 PM | SENT |

# EXHIBIT B

# THE STATE OF TEXAS

**To:**   **UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC**
**SERVING REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **PHILLIP DALE MCDONALD INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MARY PATRICIA MCDONALD**

Filed in said Court **30th day of September, 2024** against

**UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC; JOHN DOE 1-100**

For Suit, said suit being numbered **DC-24-17785,** the nature of which demand is as follows:
Suit on **PROD LIABILITY - ASBESTOS / SILICA** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 10th day of October, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By _Kari Maloe_, Deputy
**KARI MALONE**

---

ESERVE

# CITATION

No.: **DC-24-17785**

**PHILLIP DALE MCDONALD**
vs.
**UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC et al**

**ISSUED**
**on this the 10th day of October, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**ERIC ASHER POLICASTRO**
901 MAIN ST STE 3200
DALLAS TX  75202
214-953-0182
rdecorte@romclaw.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-24-17785

Court No.: 160th District Court

Style: PHILLIP DALE MCDONALD
vs.
UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows: To certify which witness my hand.

For serving Citation   $_____   _____

For mileage            $_____   of_____County, _____

For Notary             $_____   By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT C

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-24-17785

PHILLIP DALE MCDONALD

vs.

UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC et al

160th District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PHILLIP DALE MCDONALD

FEE PAID: $10.00

# EXHIBIT D

FILED
10/14/2024 10:32 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia  Reed DEPUTY

# THE STATE OF TEXAS

**ESERVE**

# CITATION

**To:**   **UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC**
**SERVING REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **PHILLIP DALE MCDONALD INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MARY PATRICIA MCDONALD**

Filed in said Court **30th day of September, 2024** against

**UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC; JOHN DOE 1-100**

For Suit, said suit being numbered **DC-24-17785,** the nature of which demand is as follows:
Suit on **PROD LIABILITY - ASBESTOS / SILICA** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 10th day of October, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Kari Malone_, Deputy
**KARI MALONE**

**No.: DC-24-17785**

**PHILLIP DALE MCDONALD**
**vs.**
**UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC et al**

**ISSUED**
**on this the 10th day of October, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**ERIC ASHER POLICASTRO**
901 MAIN ST STE 3200
DALLAS TX  75202
214-953-0182
rdecorte@romclaw.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**AFFIDAVIT ATTACHED**

**OFFICER'S RETURN**

Cause No. DC-24-17785

Court No.: 160th District Court

Style: PHILLIP DALE MCDONALD
vs.
UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC et al

# AFFIDAVIT
# ATTACHED

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

For serving Citation   $_____        _____
For mileage            $_____        of_____County, _____
For Notary             $_____        By_____ Deputy
                       (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
              20_____, to certify which witness my hand and seal of office.

                                         _____
                                         Notary Public_____County_____

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**                **County of Dallas**                **160th District Court**

Case Number: DC-24-17785

Plaintiff:
**Phillip Dale Mcdonald, Individually and as Successor-in-Interest to MAry Patricia Mcdonald, Deceased**

vs.

Defendant:
**Unilever North America Supoply Chain Company, LLC, and John Doe 1-100**

For:
Eric Policastro
Rochelle McCullough, LLP
901 Main St
Suite 3200
Dallas, TX 75202

Received by Anthony Collins on the 11th day of October, 2024 at 9:55 am to be served on **Unilever North America Supply Chain Company, LLC By serving Registered Agent CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Dallas County, TX 75201**.

I, Anthony Collins, being duly sworn, depose and say that on the **11th day of October, 2024** at **2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** to: **William Miller ,** an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Unilever North America Supply Chain Company, LLC ,** at the address of: **1999 Bryan St, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

BAYLOR JESTIS
Notary Public, State of Texas
Comm. Expires 11-16-2026
Notary ID 134067560

**Anthony Collins**
PSC-357 Expires 12/31/2025

Subscribed and Sworn to before me on the 14th day of October, 2024 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2024007342
Ref: McDonald vs. Unilever

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93116201
Filing Code Description: Return Of Service
Filing Description: EXECUTED CITATION - UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC
Status as of 10/16/2024 10:11 AM CST

Associated Case Party: PHILLIPDALEMCDONALD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gregory Bevel | | greg.bevel@romclaw.com | 10/14/2024 10:32:59 AM | SENT |
| William Cernosek | | wcernosek@romclaw.com | 10/14/2024 10:32:59 AM | SENT |
| Eric Policastro | | eric@romclaw.com | 10/14/2024 10:32:59 AM | SENT |
| Jillian Doughty | | jdoughty@romclaw.com | 10/14/2024 10:32:59 AM | SENT |
| Rosalie DeCorte | | rdecorte@romclaw.com | 10/14/2024 10:32:59 AM | SENT |